IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| MEINEKE CAR CARE CENTERS, INC., | ) | CIVIL ACTION NO. 3:06CV00131 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WINNIE ROSE LLC, LARRY BABS and | ) | |
| MIRANDA R. BABS, | ) | |
| | ) | |
| Defendants. | ) | |

## AGREED FINAL ORDER

The parties having advised the Court that they have settled the above captioned case, and that they have agreed that the Court shall enter an Order pursuant to a Settlement Agreement attached hereto as Exhibit A by and between the parties to this action,

It is this 20th day of June, 2006 hereby **ORDERED, ADJUDGED, AND DECREED** that:

1.    On or before May 26, 2006, Winnie Rose LLC, Larry Babs, and Miranda R. Babs (hereinafter referred to as "Defendants") shall have released control of the Meineke Car Care Centers, Inc. (hereinafter referred to as "Meineke") telephone number 864/574-1101 associated with former Meineke Shop No. 1595 located at 120B South Port Road, Spartanburg, South Carolina 29306 to Meineke. Defendants shall not attempt to regain control of the telephone number 864/574-1101 at any time in the future.

2.      IT IS FURTHER ORDERED that Defendants shall cease and refrain from, for a period of one (1) year from the date of compliance, which the parties have agreed to designate as May 26, 2006, directly or indirectly owning a legal or beneficial interest in, managing, operating or consulting with: (a) any business operating at the premises of former Shop No. 1595 located at 120B South Port Road, Spartanburg, South Carolina 29306 or within a radius of six (6) miles of the premises of former Shop No. 1595 which business repairs or replaces exhaust system components, brake system components, or shocks and struts; and (b) any business operating within a radius of six (6) miles of any Meineke Shop existing as of the date Defendants' Franchise Agreement terminated (i.e.,January 20, 2006) which business repairs or replaces exhaust system components, brake system components, or shocks and struts.

3.      IT IS FURTHER ORDERED that on or before May 31, 2006, Defendants shall pay to Meineke via certified funds the amount of $10,000.00. This payment shall be considered full satisfaction of the amounts sought by Meineke in its Complaint in this lawsuit.

4.      IT IS FURTHER ORDERED that Defendants shall immediately cease using and shall take any steps necessary to ensure that the Meineke name and/or logo is not used on any signs, materials, receipts or other documents associated with any business Defendants operate.

5.      IT IS FURTHER ORDERED that Defendants shall immediately return to Meineke any Meineke materials still in Defendants' control.

6.      IT IS FURTHER ORDERED that all other claims in this action are dismissed with prejudice.

7.      The Court retains jurisdiction over the parties to enforce the provisions of this Order.

SO ORDERED, this 20ᵗʰ day of June , 2006.

_____
UNITED STATES DISTRICT COURT JUDGE

CONSENTED TO IN FORM AND SUBSTANCE:

**DEFENDANT WINNIE ROSE LLC:**

_____
By: Larry Babs, Member

Date: 05-31-06

**DEFENDANT LARRY BABS:**

_____
Larry Babs

Date: 05-31-07

**PLAINTIFF:**

Meineke Car Care Centers, Inc. (formerly
Meineke Discount Muffler Shops, Inc.)

_____
By:
Ted Pearce, Vice President and General Counsel

Date: 5/31/06

## EXHIBIT A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

WHEREAS, Meineke Car Care Centers, Inc., formerly Meineke Discount Muffler Shops, Inc. (hereinafter referred to as "Meineke") filed an action in the United States District Court for the Western District of North Carolina on March 20, 2006 against Winnie Rose LLC, Larry Babs, and Miranda R. Babs (hereinafter referred to as "Defendants") which was assigned Civil Action No.3:06CV00131; and

WHEREAS, Defendants Winnie Rose LLC and Larry Babs were properly served but Meineke did not seek service upon Defendant Miranda R. Babs; and

WHEREAS, subsequent to the filing of said action the parties have negotiated in good faith and have reached a settlement of the issues involved in this case and desire to evidence same in writing;

NOW, THEREFORE, in consideration of the promises and mutual covenants contained herein, Meineke and Defendants agree as follows:

1.    The effective date of this Agreement ("Effective Date") shall be the date of its execution by Meineke at its corporate offices in Charlotte, North Carolina after prior execution by Defendants, and in no event shall such Effective Date be later than May 31, 2006.

2.    On or before May 26, 2006, Defendants shall have released control of the Meineke telephone number  864/574-1101 associated with former Meineke Shop No. 1595 located at 120B South Port Road, Spartanburg, South Carolina 29306 to Meineke. Defendants agree that they will not attempt to regain control of the telephone number 864/574-1101  at any time in the future.

3.    Defendants shall cease and refrain from, for a period of one (1) year from the date

of compliance, which the parties have agreed to designate as May 26, 2006, directly or indirectly owning a legal or beneficial interest in, managing, operating or consulting with: (a) any business operating at the premises of former Shop No. 1595 located at 120B South Port Road, Spartanburg, South Carolina 29306 or within a radius of six (6) miles of the premises of former Shop No. 1595 which business repairs or replaces exhaust system components, brake system components, or shocks and struts; and (b) any business operating within a radius of six (6) miles of any Meineke Shop existing as of the date Defendants' Franchise Agreement terminated (i.e., January 20, 2006) which business repairs or replaces exhaust system components, brake system components, or shocks and struts.

4.    During the one-year non-compete period referenced in paragraph 3 above, Defendants may not have any ownership, management, operational or consultative authority over any automotive repair and maintenance business operating at the location of former Shop No. 1595 or within a radius of six miles of any Meineke shop existing as of the date Defendants' Franchise Agreement terminated, which business repairs or replaces exhaust system components, brake system components, or shocks and struts. Defendants acknowledge and agree that if Meineke discovers that Defendants have any ownership, management, operational, or consultative authority over any automotive repair and maintenance business operating at the location of former Meineke Shop No. 1595 or within a radius of six miles of any Meineke shop existing as of the date Defendants' Franchise Agreement terminated which business repairs or replaces exhaust system components, brake system components, or shocks and struts, and Meineke provides proof through the use of photographs, videotape, affidavit testimony or similar substantial evidence, Defendants will be in violation of this Settlement Agreement and Agreed Final Order and Meineke will move for contempt of this Settlement Agreement and Agreed Final

Order.

5.       On or before May 31, 2006, Defendants shall pay to Meineke via certified funds

the amount of $10,000.00. This payment shall be considered full satisfaction of the amounts

claimed by Meineke in its Complaint in this lawsuit.

6.       Defendants shall immediately cease using and shall take any steps necessary to

ensure that the Meineke name and/or logo is not used on any signs, materials, receipts or other

documents associated with any business Defendants operate.

7.       Defendants warrant that as of May 31, 2006, they have no Meineke materials in

their possession.

8.       Meineke does for itself, its agents, successors, assigns, affiliates, employees, and

legal representatives, hereby release, acquit and forever discharge Defendants, their heirs, and

administrators and assigns, from any and all claims, causes of action, demands (whether known

or unknown), damages, expenses (including attorneys fees), all forms of equitable relief and all

consequential damages on account of, in any way growing out of or in any way relating to the

Franchise and Trademark Agreement and Promissory Notes between Meineke and Defendants

up through the Effective Date with the exception of the terms set forth in paragraph 10 below.

Nothing herein shall constitute a discharge or release of any claim which any party hereafter may

have that arises out of the failure of any party to this Settlement Agreement to perform their

obligations, duties, and responsibilities arising under and pursuant to the commitments made in

this Settlement Agreement.

9.       Defendants, their heirs, administrators, successors and assigns hereby release,

acquit and forever discharge Meineke and its affiliates and subsidiaries, and the officers,

directors, agents, employees, legal representatives, successors and assigns of the same, of and

from any and all claims, causes of action, demands, (whether known or unknown), damages, costs, expenses (including attorneys fees), compensation of any kind and nature, all forms of equitable relief, and all consequential damages on account of, in any way growing out of or in any way relating to the Franchise and Trademark Agreement and Promissory Notes between Meineke and Defendants up through the Effective Date.

10.    Nothing contained herein shall relieve Defendants from their obligation in the Franchise and Trademark Agreement to indemnify and hold Meineke harmless against and from any and all claims, loss, and damage including costs and reasonable attorneys' fees arising out of the sale of products or rendering of services by Defendants at Meineke Shop No. 1595 from the time Defendants became authorized Meineke franchisees up to and including the date Defendants begin compliance with the non-compete covenant set forth in paragraph 3 above.

11.    This Settlement Agreement shall be construed and governed by the laws of the State of North Carolina without regard to the application of North Carolina conflict of law principles. To the extent it is necessary to enforce the terms of this Settlement Agreement, the parties agree that jurisdiction and venue of any such action shall be in the Western District of North Carolina.

**Meineke Car Care Centers, Inc.**

By: _____ (Seal)

Title: _____

Date: _____

Sworn to and subscribed to before me,
this 31st day of _____, 2006

_____
Notary Public _____
Commission Expires: _____

**Winnie Rose LLC**

By: _____ (Seal)
       Larry Babs, Member


Date: _S-31-06_____

Sworn to and subscribed to before me,
this 31st day of May_____, 2006

_____
Notary Public   Alison E. Foster
My Commission Expires: _9/26/2009_____


**Larry Babs**

_____ (Seal)
Larry Babs


Date: _05-31-06_____

Sworn to and subscribed to before me,
this 31st day of May_____, 2006

_____
Notary Public   Alison E. Foster
My Commission Expires: _9/26/2009_____

NOTARY  P:\FEDERAL\1595Babs\Settlement Agreement and Order.doc